# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DWAINE WRIGHT,

|                          |                 |   |                              |
|--------------------------|-----------------|---|------------------------------|
|                          | Plaintiff,      | : | Case No. 3:15-cv-211         |
|                          |                 |   |                              |
|                          |                 |   | District Judge Thomas M. Rose |
| -  vs  -                 |                 |   | Magistrate Judge Michael R. Merz |
|                          |                 |   |                              |
| RION MacCONNELL,         |                 |   |                              |
|                          |                 |   |                              |
|                          | Defendant.      | : |                              |

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. § 1915A(c). § 1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> **(a) Screening** -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for Dismissal** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. § 1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;

(ii) fails to state a claim upon which relief can be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief

(iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both § 1915A and § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin). The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. § 1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of § 1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

A complaint is frivolous under 28 U.S.C. § 1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of § 1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the

3

> complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; see also *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007). *Twombly* and *Iqbal* apply to review of complaints for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(II). *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

While not explicitly mentioned in the PLRA, a district court must also determine whether it has jurisdiction to entertain a lawsuit. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress.

4

*Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated.  *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799).  Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it.  *Bingham v. Cabot,* 3 U.S. 382 (1798).  The burden of proof is on the party asserting jurisdiction if it is challenged.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).  A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

Plaintiff brings this lawsuit to recover money paid to Defendant MacConnell for services which MacConnell allegedly promised but never delivered.  He seeks actual damages in the amount of $500 and punitive damages in the amount of $1,000.

Plaintiff purports to bring this case under 42 U.S.C. § 1983.  42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978).  The purpose of § 1983 is to deter state actors from using the badge of  their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *Wyatt v. Cole*, 504 U.S. 158 (1992).  In order to be granted relief,  a plaintiff must establish that the defendant deprived him of a right secured by the U.S.  Constitution and the laws of the United States and that the deprivation occurred under  color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

The Complaint does not allege that Defendant MacConnell is a state actor, that the fraudulent scheme he has worked on the Plaintiff is an action done on behalf of a state or local political entity.  Therefore the Complaint does not state a claim upon which relief can be granted under 42 U.S.C. § 1983.

If the Court were to ignore the allegations under § 1983 and just treat this as a case for money damages between citizens of two different States, the Court would not have subject matter jurisdiction, because the minimum amount in controversy in a diversity if citizenship case must be $75,000.

It is therefore respectfully recommended that this case be dismissed without prejudice for

6

failure to state a claim upon which relief can be granted under § 1983 or for lack of subject matter jurisdiction.

June 19, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).