IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DWAINE WRIGHT,

                Plaintiff,      :      Case No. 3:15-cv-211

                                        District Judge Thomas M. Rose
- vs -                               Magistrate Judge Michael R. Merz

RION MacCONNELL,

                Defendant.      :

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OF DENIAL OF DEFAULT JUDGMENT

This case is before the Court on Plaintiff's Motion for Reconsideration of the Court's denial of his Motion for Default Judgment (ECF No. 44). Plaintiff seeks a default judgment against Defendant MacConnell in the amount of $100,000.00. Plaintiff has listed various kinds and amounts of losses, but provided no detail and no corroborative evidence.

Plaintiff seeks recovery of the filing fee for this case in the amount of $450.00, but the docket shows that he was granted leave to proceed *in forma pauperis* (ECF No. 2). Interestingly, because Plaintiff is incarcerated, the grant of *in forma pauperis* status was under the Prison Litigation Reform Act which required the Court to assess an initial partial filing fee. The Court

1

did so in the amount of $43.47 (ECF No. 2, PageID 63), but the docket does not show that either the initial partial filing fee or any further payment toward the fee has been made. As a successful plaintiff, Wright would be entitled to recover his filing fees if he had ever paid them, but there is no docket proof that he has.

Plaintiff lists lost income of $22,500.00, but gives no detail as to how that was calculated. Plaintiff is incarcerated on this Court's judgment and has been so incarcerated for more than ten years. How, then, does he have lost income? He lists an item of $1,200 for "family involvement." Has he paid family members or is there some proof that he has agreed to pay them? He lists various items of baby clothing for a total of $800.00. How did he incur this loss?

Plaintiff also seeks punitive damages in the amount of $74, 450 which he calculates as the amount Defendant's actions have set him back respecting his rehabilitation and re-entry into society. The Court does not understand that calculation at all.

The kinds of claims of fraud that Plaintiff makes in his Complaint are indeed the kinds of claim which can give rise to punitive damages, but not of sort listed in this portion of the Motion.

The Motion for Reconsideration is DENIED without prejudice to its renewal in proper form.

As an alternative, since no jury demand has been made in this case, the Magistrate Judge can hear in open court whatever evidence Plaintiff wishes to present about his damages and make a recommendation to Judge Rose. Plaintiff should advise the Court if he wishes to proceed in that way. If he wishes to have any witnesses testify other than himself, he must supply the Court

with names, addresses at which they can be served with subpoenas, and a brief summary of the testimony Plaintiff would expect each witness to give.

September 29, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge