# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DWAINE WRIGHT,

                Plaintiff,    :    Case No. 3:15-cv-211

                                    District Judge Thomas M. Rose
- vs -                        Magistrate Judge Michael R. Merz

RION MacCONNELL,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for for Reconsideration for Default Judgment (ECF No. 48). On the Court's Order, the Clerk served that Motion on Defendant Rion MacConnell on November 23, 2016 (ECF No. 49). Defendant has now been served and more than seven days have expired since service, but MacConnell has not responded in any way.

Plaintiff, a federal prisoner, filed this action pro se to recover money paid to Defendant for services the Defendant never rendered and to obtained recovery of certain personal property Plaintiff sent to Defendant to be sold on eBay or Etsy, but which Defendant neither sold nor returned.

On May 20, 2016, the Magistrate Judge noted that Defendant had been served with process and had failed to answer (ECF No. 28). The Clerk was ordered to enter Defendant's default and did so (ECF No. 29). Three days later, having been remarkably silent until that

1

point, Defendant moved to set aside the default, claiming he found out about it on Google, that there was not enough money in controversy to satisfy the diversity requirements under 28 U.S.C. § 1332, and asking for leave to file an answer after the default was set aside (ECF No. 31). The Clerk was ordered to send MacConnell a copy of the Complaint and did so (ECF No. 32).

MacConnell's next move was to file for bankruptcy (ECF No. 35). The Court entered a bankruptcy stay (ECF No. 37) which it vacated when the bankruptcy case was dismissed (ECF No. 42). In the meantime the Court had denied Plaintiff's first motion for default judgment (ECF No. 41). Attempting to correct the difficulties with his first motion for default judgment, Plaintiff filed the instant motion for reconsideration November 18, 2016 (ECF No. 48). Defendant has never responded.

Plaintiff has provided adequate proof of damages in the following amounts:

| | | |
|---|---|---|
| 1. | Fee sent to Defendant twice to set up account | $42.00 |
| 2. | Crocheted items sent to Defendant for sale and neither sold nor returned | $800.00 |
| 3. | Shipping costs | $96.00 |
| 4. | Cost of email units to communicate with Defendant | $183.00 |
| 5. | Costs to reimburse family member for attempted recovery of goods | $70.00 |
| Total | | $1,191.00 |

Plaintiff is not entitled to recover from Defendant the amounts his family has been sending him for support in prison since his relationship with Defendant broke down.

Plaintiff also requests an award of $75,000 in punitive damages in light of Defendant's evident fraud and malice. Defendant has never denied the accusations of fraud in the Complaint and his behavior in attempting to avoid process corroborates Plaintiff's accusations. However,

the amount of $75,000.00 is so grossly in excess of the actual damages in this case that to award that amount would violate the excessive fines provision of the Eighth Amendment. The Court finds that $2,500 is a fair amount of punitive damages to impose for Defendant's misconduct.

It is accordingly respectfully recommended that default judgment enter in favor of the Plaintiff and against the Defendant in the amount of $3,691.00.

January 27, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).