# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DWAINE WRIGHT,

                Plaintiff,      :      Case No. 3:15-cv-211

                                                District Judge Thomas M. Rose
- vs -                                Magistrate Judge Michael R. Merz

RION MacCONNELL,

                Defendant.      :

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on Defendant's Motion to Set Aside Default Judgment under Rule 60(b)(ECF No. 63). Plaintiff opposes the Motion (ECF No. 66) and the time within which Defendant could have filed a reply memorandum in support under S. D. Ohio Civ. R. 7.2 has expired and no reply has been filed.

Defendant submits no argument in support of his Motion, but relies on his attached Affidavit in which he ave3rs that he was "never served by the Plaintiff or knew of any lawsuit against me." (ECF No. 63-1, PageID 350). He continues that he has been out of the area for over six months and that "the person(s) responsible for picking up my mail did not and will not sign for any registered mail nor was I in contact with them." *Id.* Defendant claims he was in

1

"rehab in Boynton Beach FL, for two ninety day periods." *Id.* Defendant claims he has a meritorious defense, which he does not state, and that Plaintiff's suit is frivolous. *Id.*

Plaintiff opposes the Motion, noting Defendant's efforts to avoid service of process (ECF No. 66). He also notes Defendant provides no corroboration of his rehab in Florida.

# Analysis

Fed. R. Civ. P. 60(b) provides for relief from a final judgment on the following bases:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Without saying so explicitly, Defendant is arguing the default judgment is void for lack of personal jurisdiction over him. When this case was initially filed, the Magistrate Judge questioned whether there this Court had subject matter jurisdiction of the claim, but eventually found there was diversity of citizenship (West Virginia for Plaintiff, Ohio for Defendant) and that the amount in controversy, given a colorable punitive damages claim, satisfied the amount of controversy requirement (Order, ECF No. 6). The Court ordered issuance of process and found service by the Marshall was appropriate because Plaintiff was proceeding *in forma pauperis*. *Id.*

On July 27, 2015, a Summons issued to Defendant, directed to 7655 Katy Drive and 554 Brightwood Avenue in Dayton, Ohio (ECF No. 7). The Marshal returned the service unexecuted but indicated the Marshal's Service had talked to Defendant who indicated he was out of state but would connect with the Marshal on July 31, 2015, but failed to do so. *Id.* Service was reissued September 16, 2015, but returned unexecuted with the notation that Defendant was "deceased." (ECF No. 11). However, the Court concluded Defendant had in fact signed for the service but then wrote deceased on the return card. Because death records for Montgomery County did not show Rion McConnell was dead, the Court concluded the endorsement was fraudulent and that service was complete on September 24, 2015 (ECF No. 16). Because Defendant had not responded to the Complaint and the requisite amount of time had passed, the Magistrate Judge ordered the Clerk to enter Defendant's default. *Id.*

**Conclusion**

Based on those findings, the Magistrate Judge concludes this Court properly acquired personal jurisdiction of the Defendant. It is therefore respectfully recommended that the Motion for Relief from Judgment be DENIED.

April 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).